UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BMO HARRIS BANK, N.A., Plaintiff, | ) | |
| v. | ) | No. 25 C 479 |
| YALE M. SCHIFF, | ) | Judge Sharon Johnson Coleman |
| Defendant. | ) | (Formerly case no. 2019 L 004214, Circuit Court of Cook County, Illinois) |
| In the matter of a Citation to Discover Assets directed at the CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. | ) | |

**MOTION OF THE CLERK OF COURT TO DISMISS**

The Clerk of the United States District Court for the Northern District of Illinois, in his official capacity, by his attorney, Morris Pasqual, Acting, United States Attorney for the Northern District of Illinois, moves to dismiss plaintiff BMO Harris Bank's citation to discover assets pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and in support states as follows:

1. Plaintiff BMO Harris Bank, N.A., served the clerk of this court on January 6, 2025, with a citation to discover assets belonging to defendant Yale M. Schiff that the clerk might be holding. Ex. 1, Citation to Discover Assets. The person whose assets the bank is trying to obtain is Yale Schiff, a criminal defendant in a case pending in this court, *United States v. Schiff*, No. 19 CR 474 (N.D. Ill.) (Rowland, J.). The United States removed the case to federal court under 28 U.S.C. § 1442 and now moves to dismiss the complaint on derivative-jurisdiction-doctrine grounds.

2. Under the derivative jurisdiction doctrine, a federal court's § 1442 removal jurisdiction is derivative of that of the state court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) ("If the state court where an action was initially filed lacked

subject matter jurisdiction over the action, a federal court acquires none upon removal, even if the federal court would have had jurisdiction if the case were originally brought in federal court."); *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) ("When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice.").

3. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A "waiver of sovereign immunity must be 'unequivocally expressed' in statutory text." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012). BMO Bank's citation cites *no* waiver of the United States District Court's sovereign immunity, and we are aware of none giving state courts the power to seize money from a federal court. The only statutory basis cited by the bank is the state court *procedural* requirements for temporary restraining orders and preliminary injunctions, 735 ILCS §§ 5/2-1402, which of course has nothing to do with the power of state courts to order federal courts to act.

4. Because the state court had no jurisdiction over the petition, this court acquires none upon removal, and the complaint should therefore be dismissed. *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020); *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011); *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994). "If raised within 30 days, [of removal, the derivative jurisdiction doctrine] results in dismissal without prejudice." *Ricci v. Salzman*, 976 F.3d 768, 774 (7th Cir. 2020).

WHEREFORE, this case should be dismissed as to the Clerk of the United States District Court for the Northern District of Illinois for lack of jurisdiction.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Devvrat V. Sinha
DEVVRAT V. SINHA
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2065
devvrat.sinha@doj.gov

# Exhibit 1

Citation to Discover Assets to a Third Party (03/14/18) CCM 0124 A

FILED
12/16/2024 3:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2019L004214
Calendar, U
30619259

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LAW DIVISION

BMO Harris Bank N.A.,

Plaintiff

v.

Yale M. Schiff,

Defendant

Case No. 2019 L 04214

Clerk of Court for the Northern District of Illinois

Respondent

## CITATION TO DISCOVER ASSETS TO A THIRD PARTY

To: Clerk of Court for the Northern District of Illinois - 219 South Dearborn St., 20th Floor, Chicago, Illinois 60604

YOU ARE REQUIRED to either file your answer to this Citation on the form appearing on the reverse side or appear on 1/30/25 at 10:00 am in Courtroom 2503 located at:

- Richard J Daley Center, 50 W Washington, Chicago, IL 60602
- District 2 - Skokie, 5600 Old Orchard Rd, Skokie, IL 60077
- District 3 - Rolling Meadows, 2121 Euclid, Rolling Meadows, IL 60008
- District 4 - Maywood, 1500 Maybrook Ave, Maywood, IL 60153
- District 5 - Bridgeview, 10220 S 76th Ave, Bridgeview, IL 60455
- District 6 - Markham, 16501 S Kedzie Pkwy, Markham, IL 60428

Judgment was entered on 12/9/19 in favor of Plaintiff BMO Harris Bank N.A. and against Defendant(s) Yale M. Schiff in this court under case number 2019L04214 in the sum of $ 511,180.17. There is now due, less credit and off-set, sum of $ 741,602.20 (Judgment Balance). Further sums may become due as costs and interests accrue.

Your answer will inform the Court as to property you may hold belonging to (Judgment Debtor).

You are prohibited from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment, a deduction order or garnishment, property belonging to the judgment debtor or to which s/he may be entitled or which may thereafter be acquired by or become due to him or her, and from paying over or otherwise disposing of any monies not so exempt, which are due to the judgment debtor. This prohibition shall remain in effect until further order of court or termination of the proceeding. You are not required to withhold the payment of any monies beyond double the amount of the total sum due the judgment creditor.

If the account consists solely of funds that can be identified as exempt under federal or state law, you are PROHIBITED from FREEZING THE ACCOUNT and YOU MUST RESPOND that the account consists solely of exempt funds. Deposited funds that are exempt under federal and state law include Social Security, SSI, veteran's benefits, Railroad Retirement benefits, public assistance benefits, unemployment compensation benefits and/or circuit breaker property tax relief benefits.

WARNING: Your failure to comply with the citation proceeding may result in a judgment being entered against you for the unsatisfied amount of this judgment. 735 ILCS 5/2-1402(f)(1).

WARNING: Your failure to appear in court or file you answer as directed may cause you to be arrested and brought before the court to answer to a charge of contempt of court, which may be punishable by imprisonment in the county jail.

CERTIFICATION BY JUDGMENT CREDITOR OR ATTORNEY FOR JUDGMENT CREDITOR

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the above information regarding the amount of the judgment, the date of the judgment, or its revival date, the balance due thereon, the name of the court and the number of the case is true and correct.

Signature: ______________________

Atty No.: 59515

Atty Name: Egan & Alaily, LLC

Atty. for: Plaintiff

Address: 20 S. Clark St. Suite 2120

City: Chicago State: IL

Zip: 60603

Telephone: 312-253-8640

Primary Email: clerk@ea-atty.com

12/16/2024 3:47 PM Mariyana T. Spyropoulos
Seal of Court

Clerk of the Court ______________________

Citation to Discover Assets to a Third Party (03/14/18) CCM 0124 C

## ANSWER OF THIRD PARTY RESPONDENT CITATION

This first section must be filled out by the judgment creditor

Citation/Respondent: Clerk of Court for the Northern District of Illinois Court Date: ________

Defendant's Name: Yale M. Schiff SSN: xxx-xx- 3199 Case No: 2019L04214

Judgment Balance: $ 741,602.20

This is a Citation. Freeze up to double the Judgment Balance

## INTERROGATORIES

6. List all joint account holders or adverse claimants:

Name ______________________

Address ______________________

______________________

Account Information:
Type Checking CD Savings

Account Number ______________________

Name ______________________

Address ______________________

______________________

Account Information:
Type Checking CD Savings

Account Number ______________________

Name ______________________

Address ______________________

______________________

Account Information:
Type Checking CD Savings

Account Number ______________________

## INSTRUCTIONS

**File this Answer at least three (3) days before the court date to assure timely processing**

1. Complete the Answer of Third Party Respondent Citation section on this form.
2. Complete and sign the certification at the bottom of this page.
3. File this affidavit electronically by visiting www.cookcountyclerkofcourt.org and proceed with the eFile process.

## CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct and that I have mailed this Answer to Defendant/s.

Atty No.: ______________

Atty Name: ______________________

Atty for: ______________________

Address: ______________________

City: ______________ State: ____

Zip: ________

Telephone: ______________

Primary Email: ______________________

______________________
Agent Name

______________________
Agent Signature